**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jose Decastro, | 2:26-cv-00373-APG-MDC |
| Plaintiff(s), | **ORDER** |
| vs. | |
| LVMPD, et al., | |
| Defendant(s). | |

Pro se plaintiff filed a *Sealed Ex Parte Motion to Extend Time for Service.* ("Motion"). *ECF No. 8.* The Court **GRANTS** the Motion. The Court grants the request for additional time and will allow plaintiff until **July 31, 2026** to serve the defendants. The Court also **DIRECTS** the Clerk of Court to unseal plaintiff's Motion, for the reasons discussed below.

## I.    LEGAL STANDARD

Under Local Rule IA 7-2(b), an "ex parte motion or application must articulate a rule that permits ex parte filing and explain why it is filed on an ex parte basis." Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "Where the information in question is attached to a non-dispositive motion, courts apply a lower 'good cause' standard from Rule 26(c). *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 312 F. Supp. 3d 966, 969 (D. Or. 2018), citing to *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. See, e.g., FRCP 4(e)(1). Rule 4 states that "the plaintiff is responsible for having the summons and complaint served

within the time allowed by Rule 4(m)[.] The Federal Rules of Civil Procedure provide for service within the United States and authorize extensions of time for good cause. See, e.g., Fed. R. Civ. P. 4(m).

There are several factors courts consider in evaluating a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. See *Price v. Dunn*, 106 Nev. 100, 102-104, 787 P.2d 785, 786-787 (Nev. 1990).  Regarding extensions, "a district court may consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

## II.        ANALYSIS

The Court cautions plaintiff that he has not articulated the rule that would permit one to file a motion ex parte. Plaintiff's proffered reason for doing so (because the defendants have not appeared) is rejected because plaintiff will have a better chance of serving the defendants if they have public notice of his lawsuit, including his request to extend the time for service. Plaintiff has also not shown good cause to seal his Motion because he has not met his burden of showing specific prejudice or harm here.

Plaintiff seeks additional time to serve specified defendants. *ECF No. 8*. Plaintiff states that in the last ninety days he has been actively prosecuting and defending multiple federal cases, so he has been unable to serve the defendants in this case. *ECF No. 8 at 4*. Plaintiff states he will be prejudiced if this case is dismissed because he is concerned about the statute of limitations in his case. *Id. at 5*.

The Court finds that plaintiff has not been diligent in attempting to locate and serve the defendants. Litigating multiple pro se cases does not create diligence in the instant case. Considering, however, the plaintiff's alternative argument that he will be prejudiced if this case is dismissed pursuant to the statute of limitations, the Court will give plaintiff another opportunity to serve the

defendants. At this time, the Court finds that the defendants will not be prejudiced by a reasonable extension. The Court has broad discretion to permit an extension under Rule 4 and grants plaintiff a reasonable extension to serve.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's *Motion to Extend Time for Service* (ECF No. 8) is **GRANTED.**

2. Plaintiff has until **July 31, 2026,** to serve the defendants.

3. The Clerk of Court is **DIRECTED TO UNSEAL** the Motion (ECF No. 8).

DATED: June 15, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

3