**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
Attorneys for Defendants LVMPD, Sgt. Hutchinson, Ofc. Bruen, Ofc. Frumkin and Ofc. Rose

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE DECASTRO,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; CLARK COUNTY, NEVADA; SERGEANT HUTCHINSON, in his individual capacity; OFFICER BRUEN, in his individual capacity; OFFICER FRUMPKIN, in his individual capacity; SUPERVISING OFFICER DANNY ROSE (Badge #983), in his individual capacity; OFFICER "TOMMY" (last name unknown), in his individual capacity; and JOHN DOES 1-5, in their individual capacities,<br><br>Defendants. | Case Number: 2:26-cv-00373-APG-MDC<br><br>**DEFENDANTS LVMPD, SGT. HUTCHINSON, OFC. BRUEN, OFC. FRUMKIN AND OFC. ROSE'S MOTION FOR PARTIAL DISMISSAL** |

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Sergeant Hutchinson, Officer Bruen, Officer Frumkin (sued as "Officer Frumpkin") and Supervising Officer Danny Rose (collectively, "LVMPD Defendants"), by and through their counsel of record, the law firm of Marquis Aurbach, hereby file their Motion for Partial Dismissal of Plaintiff's Complaint (ECF No. 2) pursuant to Federal Rule of Civil Procedure 12(b)(6). This Motion is made and based on the Memorandum of Points & Authorities, the pleadings and papers on file herein and any oral argument allowed at the time of hearing.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Plaintiff Jose DeCastro ("DeCastro"), a self-described "police accountability journalist" and operator of the "Delete Lawz" YouTube channel, sues LVMPD and four of its officers over his February 14, 2024 arrest at the scene of a fatal traffic accident. ECF No. 2 at ¶¶ 2, 12, 20, 22. By DeCastro's own account, he entered an area officers were still controlling, was repeatedly directed by officers to move away, was twice told by the commanding sergeant on scene he was being given a lawful order to keep walking and was arrested after he insisted on his right to remain. *Id.* at ¶¶ 21, 31–32, 41–42. DeCastro is no stranger to litigation against LVMPD. While still on scene, he told officers to "[p]ull up DeCastro versus LVMPD," and announced, "[t]his will be my third lawsuit." *Id.* at ¶ 36.

This Motion is narrow. Accepting DeCastro's well-pled factual allegations as true for purposes of this Motion only, LVMPD Defendants seek dismissal of two categories of claims. First, DeCastro's Nevada state-law claims for assault and battery (Count VI) and false arrest and false imprisonment (Count VII) must be dismissed with prejudice because DeCastro never presented his claim to LVMPD within two years of the incident, as NRS 41.036(2) mandates. Second, DeCastro's *Monell* claim against LVMPD (Count V) must be dismissed because the Complaint offers nothing more than a boilerplate list of purported "policies" that simply re-describe DeCastro's own arrest, a single prior arrest by a different officer under different circumstances, and an "upon information and belief" assertion of a pattern. None of this satisfies *Twombly* and *Iqbal*.

## II. STATEMENT OF FACTS

### A. PLAINTIFF'S ALLEGATIONS.[1]

On the night of February 14, 2024, LVMPD officers responded to a fatal traffic accident. (ECF No. 2 at ¶¶ 20, 22). DeCastro arrived at approximately 10:30 p.m. and

[1] For purposes of this Motion only, LVMPD Defendants accept the well-pled factual allegations of the Complaint as true, as they must. LVMPD Defendants dispute many of those allegations and reserve all defenses.

began filming the officers who remained on scene. (*Id.* at ¶¶ 2, 20). Although DeCastro characterizes the scene as "fully cleared," he concedes officers were still maintaining a presence and restricting access to portions of the roadway, officers told him the location was the scene of "a fatal car accident," and containment tape "may have been present." (*Id.* at ¶¶ 21–23).

According to DeCastro, an officer he identifies only as "Tommy" told him to "pass this brick wall" and "cut through the parking lot." (*Id.* at ¶ 25). Once DeCastro was in the parking lot, other officers approached and asked whether they could help him. (*Id.* at ¶ 28). DeCastro responded by announcing that he was "a member of the press," invoking his First and Fifth Amendment rights, and instructing the officers, "Don't ask me another question." (*Id.* at ¶ 29).

Officers then repeatedly directed DeCastro to move away from the area. One officer told him, "You're still pretty close to the road. Let's push this out a little further. Just keep going that way." (*Id.* at ¶ 31). Another told him he was "okay to film," and DeCastro was again told to "[k]eep walking." (*Id.*). Sergeant Hutchinson, the commanding officer on scene, twice told DeCastro he was giving him a lawful order and directed him to keep walking. (*Id.* at ¶¶ 15, 31). DeCastro did not comply; instead, he asserted a right to remain where he was. (*Id.* at ¶ 32). As officers escorted him, DeCastro accused them of "trying to dominate another person" and of "threatening [him] with violence." (*Id.* at ¶¶ 38–40). Officers then took DeCastro to the ground and handcuffed him using two sets of handcuffs. (*Id.* at ¶ 41). As one officer explained to him, "You were given multiple warnings." (*Id.* at ¶ 42).

After his arrest, DeCastro asked officers to review footage on his own camera, which he claimed showed "Tommy" directing him into the parking lot. (*Id.* at ¶¶ 47–49). DeCastro told officers he was "a known journalist" with "a million subscribers," and advised them to "[p]ull up DeCastro versus LVMPD. This will be my third lawsuit." (*Id.* at ¶¶ 36, 46). DeCastro was then booked into jail. (*Id.* at ¶ 49).

To support his *Monell* claim, the Complaint references a single, separate March 2023

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

arrest of DeCastro by a different LVMPD officer, and DeCastro's resulting federal lawsuit, in which DeCastro asserts the court granted the arresting officer qualified immunity. (*Id.* at ¶¶ 6, 52–53). DeCastro alleges LVMPD took no corrective action after that arrest and, "[u]pon information and belief," that LVMPD "has repeatedly detained or arrested auditors and journalists." (*Id.* at ¶¶ 54, 87). The Complaint does not identify any other arrest or detention of any other journalist or "auditor." *See generally id.*

**B. PROCEDURAL HISTORY.**

DeCastro filed his pro se Complaint on February 13, 2026, one day before the two-year anniversary of his arrest. (ECF No. 2). The Complaint asserts seven causes of action: (I) First Amendment retaliation; (II) Fourth Amendment unlawful seizure and excessive force; (III) Fourteenth Amendment fabrication and suppression of evidence; (IV) failure to intervene; (V) *Monell* liability against LVMPD and Clark County; (VI) state-law assault and battery against the individual defendants; and (VII) state-law false arrest and false imprisonment against the individual defendants. (*Id.* at ¶¶ 56–95).

Summonses did not issue until October 14, 2026, and the LVMPD Defendants were not served until October 19, 2026, more than two years and eight months after the February 14, 2024 incident. (ECF Nos. 13–17). The Complaint does not allege DeCastro ever presented a claim to LVMPD before filing or serving suit. (*See generally* ECF No. 2). LVMPD's first notice of DeCastro's state-law claims came when he served the Complaint.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim is a question of law. *Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 641 (9th Cir. 1989). While a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level."

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

*Id.*

To survive, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court accepts well-pled factual allegations as true, that tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Nor must the Court accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although pro se pleadings are liberally construed, liberal construction "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). That principle carries particular weight here, where DeCastro is an experienced litigant who has filed multiple civil rights actions against LVMPD. (ECF No. 2 at ¶¶ 36, 53).

## IV. LEGAL ARGUMENT

### A. DECASTRO'S STATE-LAW CLAIMS (COUNTS VI AND VII) MUST BE DISMISSED BECAUSE HE FAILED TO COMPLY WITH NRS 41.036(2).

#### 1. NRS 41.036(2) Is Mandatory and Requires Strict Compliance.

Nevada Revised Statute 41.036(2) provides:

> Each person who has a claim against any political subdivision of the State arising out of a tort ***must*** file the claim within 2 years after the time the cause of action accrues with the governing body of that political subdivision.

NRS 41.036(2) (emphasis added). Like many states, Nevada has a claims-notice requirement that applies to alleged tort victims of the government. In enacting NRS 41.031,

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

the Nevada Legislature waived the sovereign immunity of the State and its political subdivisions, but it conditioned that waiver on satisfaction of the requirements of NRS 41.036. See NRS 41.031(1). A majority of courts addressing claims-notice requirements have upheld them, reasoning that "because a State may constitutionally choose not to allow any suits against itself, the legislature's permission to sue in tort a previously immune sovereign can reasonably be accompanied by such terms and provisions as the legislature wishes to impose on that right." *Johnson v. Md. State Police*, 331 Md. 285, 294, 628 A.2d 162, 166 (Md. Ct. App. 1993) (collecting cases); *see also Rowland v. Washtenaw Cnty. Rd. Comm'n*, 477 Mich. 197, 214 n.9, 731 N.W.2d 41, 52 n.9 (2007) (collecting cases). Courts in this District have likewise upheld NRS 41.036. *See, e.g., James v. City of Henderson*, 2020 WL 5775752, at *5 (D. Nev. Sept. 28, 2020); *Zaic v. Las Vegas Metro. Police Dep't*, 2011 WL 884335, at *2–3 (D. Nev. Mar. 11, 2011).

The purpose of NRS 41.036 is "to prevent the state . . . from being surprised by claims it has not yet had time to consider administratively." *State ex rel. Welfare Div. of Dep't of Health, Welfare & Rehab. v. Capital Convalescent Ctr.*, 92 Nev. 147, 152, 547 P.2d 677, 680 (Nev. 1976). The requirement protects public funds by allowing the government to evaluate claims early, predict its liability, and resolve claims without the expense of litigation. *See Johnson*, 331 Md. at 296, 628 A.2d at 167. The two-year period mirrors the limitations period for personal injury claims against private tortfeasors. *See* NRS 11.190(4)(e). The Legislature's use of the word "must" makes compliance mandatory. *Lawson v. Dunseath*, 41 Nev. 321, 170 P. 19 (Nev. 1914). "[U]nder Nevada law, statutes setting forth explicit time restrictions generally are mandatory, and substantial compliance will not suffice, particularly where the statute does not include a 'built-in grace period or safety valve provision.'" *Zaic*, 2011 WL 884335, at *5 (quoting *Leven v. Frey*, 123 Nev. 399, 168 P.3d 712, 717–18 (Nev. 2007)). Nor does NRS 41.036(2) contain a tolling provision. *Solano v. Las Vegas Metro. Police Dep't*, 2016 WL 3148387, at *3 (D. Nev. June 2, 2016).

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### 2. <u>DeCastro Did Not Present His Claim to LVMPD Within Two Years.</u>

Courts in this District have repeatedly held that merely filing a complaint within the two-year period does not satisfy NRS 41.036(2). In *Hatrim v. Las Vegas Metropolitan Police Department*, this Court barred a plaintiff's state-law claims against LVMPD and individual officers where the plaintiff filed a complaint within the two-year period but failed to serve it before the period expired, holding that NRS 41.036(2) "does not allow for substantial compliance in order to meet its time restriction." 2011 WL 2690148, at *2–3 (D. Nev. July 11, 2011). Courts in this District consistently apply the same rule. *See Guillory v. Las Vegas Metro Police Dep't.*, 2025 WL 764139, at *3 (D. Nev. Mar. 10, 2025) (dismissing state-law claims against LVMPD and individual officers); *James*, 2020 WL 5775752, at *5 (timely filing without service within two years warrants dismissal); *Uwah v. Las Vegas Metro Police Dep't.*, 2021 WL 2546446, at *4 (D. Nev. June 18, 2021); *Carvajal v. Clark Cnty.*, 539 F. Supp. 3d 1104, 1119 (D. Nev. 2021) (complaint and amended complaint did not provide timely notice).

DeCastro's claims accrued on February 14, 2024, the date of his arrest. (ECF No. 2 at ¶¶ 2, 20). He therefore had until February 14, 2026 to present his claim to LVMPD. He did not. The Complaint does not allege DeCastro ever presented a claim to LVMPD, and he waited until the last day of the period to file suit, then waited another eight months to serve it. (ECF No. 2; ECF Nos. 13–17). LVMPD's first notice of DeCastro's state law claims came on October 19, 2026, more than two years and eight months after the incident. DeCastro is in precisely the position of the plaintiffs in *Hatrim* and *James*, and his state-law claims are barred.

### 3. <u>NRS 41.036(2) Protects LVMPD.</u>

LVMPD is entitled to the protection of NRS 41.036(2). The only reason a tort plaintiff may sue LVMPD at all is NRS 41.031's waiver of sovereign immunity, which extends to the State and its political subdivisions and is expressly conditioned on compliance with NRS 41.036. NRS 41.031(1). Courts routinely apply Chapter 41's immunities and

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

limitations, including the discretionary-function immunity of NRS 41.032 and the damages limitations of NRS 41.035, to LVMPD. DeCastro himself invokes Chapter 41, alleging Defendants' conduct is "not protected by discretionary function immunity under NRS 41.032." (ECF No. 2 at ¶ 90). A plaintiff cannot invoke the Legislature's conditional waiver of immunity while disregarding the claims-notice condition.

Moreover, LVMPD is, by DeCastro's own allegation, "a joint city-county law enforcement agency operating in Clark County, Nevada, under the authority of Clark County and the City of Las Vegas," both of which are indisputably political subdivisions. (ECF No. 2 at ¶¶ 13–14). The purposes of NRS 41.036, protecting public funds and allowing the government to evaluate claims administratively before litigation, apply with full force to a law enforcement agency funded by, and operating under the authority of, two political subdivisions. *See Capital Convalescent Ctr.*, 92 Nev. at 152, 547 P.2d at 680. For well over a decade, courts in this District have applied NRS 41.036(2) to bar untimely state-law tort claims against LVMPD. *See, e.g.*, *Guillory*, 2025 WL 764139, at *3; *Uwah*, 2021 WL 2546446, at *4; *Solano*, 2016 WL 3148387, at *3; *Hatrim*, 2011 WL 2690148, at *3; *Zaic*, 2011 WL 884335, at *4–5. This Court should do the same.

### 4. <u>NRS 41.036(2) Bars DeCastro's State Law Claims Against the Individual Officers.</u>

DeCastro pleads Counts VI and VII only against the individual defendants. (ECF No. 2 at 17–18). LVMPD Defendants acknowledge a split of authority in this District on whether NRS 41.036(2) applies to government employees sued in their individual capacities. Until recently, courts uniformly applied the statute to such claims. *See, e.g., Solano*, 2016 WL 3148387, at *3; *Hatrim*, 2011 WL 2690148, at *3; *Zaic*, 2011 WL 884335, at *4–5. In 2020, the Ninth Circuit held that NRS 41.036 "bars claims against 'political subdivisions of the State' only" and did not bar the plaintiff's claims against the individual defendants in that case. *Scafidi v. Las Vegas Metro Police Dep't.*, 966 F.3d 960, 964–65 (9th Cir. 2020). But *Scafidi* relied on *Cavalieri v. Las Vegas Metro Police Dep't.*, which held only the defendants there "ha[d] not shown that [NRS 41.036(2)] applies against defendants sued in

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

their personal capacity." 2012 WL 846466, at *5 (D. Nev. Mar. 13, 2012). Some courts have since relied on Scafidi to decline to dismiss individual-capacity claims. *See Mwithiga v. Pierce*, 758 F. Supp. 3d 1230, 1244 (D. Nev. 2024); *Bates v. Las Vegas Metro Police Dep't.*, 2024 WL 3887408, at *3–4 (D. Nev. Aug. 20, 2024). The Nevada Supreme Court has never addressed the issue.

The better reading of Nevada law, and the one that harmonizes NRS Chapter 41, is that NRS 41.036(2) bars state-law tort claims against government employees for acts within the course and scope of their employment. NRS 41.0337 provides that no tort action may be brought against a government officer or employee arising out of an act or omission within the scope of the person's public duties or employment unless the State or the appropriate political subdivision is named a party defendant. NRS 41.0337. As the Nevada Court of Appeals has explained, "[a]ny state tort claims must name not only the state employees but also must include the State . . . as a party to those particular claims in order to comply with NRS 41.031 and NRS 41.0337 and perfect waiver of Nevada's sovereign immunity." *Craig v. Donnelly*, 135 Nev. 37, 439 P.3d 413, 415 (Nev. App. 2019); *see also Sharaby v. Bates*, 2021 Nev. Dist. LEXIS 2001, at *5 (Nev. Dist. Ct. Dec. 27, 2021) (because the state-law claims concerned officers' actions within the scope of their employment with LVMPD, "NRS 41.0337 and NRS 41.031 required Plaintiffs to name LVMPD as a defendant in this case, not just the police officers who conducted the arrest"); *Uwah*, 2021 WL 2546446, at *4 (rejecting *Scafidi* argument where the plaintiff did not allege the individual officers acted outside the course and scope of their employment). Such a claim is, in substance, a claim against the political subdivision, which must defend and indemnify its employee and whose exposure Chapter 41 caps. *See* NRS 41.0349; NRS 41.035.

Read together, these statutes operate as a unit: (1) failure to present a timely claim bars the tort claim against LVMPD under NRS 41.036(2); and (2) because NRS 41.0337 requires LVMPD to be a named party to the particular claim to perfect the waiver of sovereign immunity, no tort claim may proceed against the individual officers alone. *See Craig*, 439 P.3d at 415. DeCastro's claims fail at both steps. He never presented his claim

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

to LVMPD, and he did not even name LVMPD as a defendant to Counts VI and VII, pleading them "Against All Individual Defendants" only. (ECF No. 2 at 17–18).

Even under *Scafidi*, DeCastro's claims fail, because the Complaint pleads no facts suggesting the officers acted outside the course and scope of their employment. To the contrary, DeCastro alleges each officer is "employed by LVMPD," that Sergeant Hutchinson was the "commanding officer on scene" issuing orders, that the officers were enforcing a crime-scene perimeter, and that their conduct was caused by LVMPD's own "official policies, customs, and practices." (ECF No. 2 at ¶¶ 15–17, 31, 83). DeCastro's lone assertion the officers acted "in bad faith and outside the scope of their lawful authority" is a bare legal conclusion the Court need not accept, and it is contradicted by his own factual allegations. *Id.* at ¶ 90; *see Iqbal*, 556 U.S. at 678; *Sprewell*, 266 F.3d at 988. Arresting a person who refuses to comply with orders at the scene of a fatal accident is quintessential police work, whether or not a plaintiff contends the arrest was mistaken.

Because the two-year period expired on February 14, 2026, DeCastro cannot cure his failure to comply with NRS 41.036(2), and amendment would be futile. Counts VI and VII should be dismissed with prejudice.

### B. DECASTRO FAILS TO STATE A COGNIZABLE *MONELL* CLAIM AGAINST LVMPD (COUNT V).

#### 1. Relevant *Monell* Standards.

A municipality is liable under 42 U.S.C. § 1983 only where the unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by its officers, or where the constitutional deprivation is visited pursuant to governmental "custom" even though such custom has not received formal approval. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). The doctrine of respondeat superior does not apply. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986). Municipal liability is not established merely by showing that an employee committed a constitutional tort within the scope of employment. *Id.* at 478–79. There must be an affirmative link between the policy or custom and the particular constitutional

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

violation alleged, *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985), and the policy or custom must be the "moving force" behind the violation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). The plaintiff must also show that the policy resulted from "deliberate indifference," a "stringent standard of fault" requiring more than negligence. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404, 410 (1997).

An actionable policy or custom may be shown through: (1) an "express policy that, when enforced, causes a constitutional deprivation," *Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994); (2) a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law," *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (plurality opinion) (internal quotation marks omitted); or (3) a constitutional injury caused by a person with "final policymaking authority." *Id.* at 123. To plead such a claim, a plaintiff must (1) identify the challenged policy or custom; (2) explain how it is deficient; (3) explain how it caused the plaintiff harm; and (4) show how it amounted to deliberate indifference, *i.e.*, that the deficiency was obvious and the constitutional injury likely to occur. *Harvey v. City of S. Lake Tahoe*, 2012 WL 1232420 (E.D. Cal. Apr. 12, 2012).

After *Iqbal*, *Monell* allegations "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). A plaintiff must allege facts which, if true, show the municipality actually had a constitutionally impermissible policy, practice, or custom. *See Waggy v. Spokane Cnty.*, 594 F.3d 707, 713 (9th Cir. 2010). "The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). And proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*. *Tuttle*, 471 U.S. at 823–24 (plurality opinion); *see also Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on

isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.”).

### 2. **DeCastro’s List of “Policies” Is a Restatement of His Own Arrest, Not Facts.**

DeCastro alleges LVMPD maintains policies, customs, or practices that: retaliate against known critics through pretextual arrest and force; fabricate or expand crime-scene perimeters; issue contradictory orders and then arrest for noncompliance; fail to review exculpatory evidence before completing arrests; communicate false justifications among officers; fail to train on the right to film and on the limits of crime-scene authority; and tolerate and fail to discipline officers. (ECF No. 2 at ¶ 84). Each of these supposed “policies” is simply a characterization of what DeCastro says happened to him on February 14, 2024, recast in the abstract. (Compare *id.* at ¶ 84, with *id.* at ¶¶ 21–24, 31–35, 47–50). DeCastro does not identify any written policy, directive, or training material; does not explain what any actual LVMPD policy says or how it is deficient; and pleads no facts showing that any of these practices exists beyond his own encounter. This is exactly the sort of “formulaic recitation” that *Twombly* and *Iqbal* hold insufficient.

Indeed, DeCastro’s own factual allegations undercut any plausible inference of a department-wide policy of retaliating against journalists. He alleges one officer told him he was “okay to film,” that another directed him through the parking lot, and that a supervising officer advised the others that “it’s best to just leave him alone.” (ECF No. 2 at ¶¶ 25, 31, 34). Allegations that LVMPD personnel affirmatively permitted DeCastro to film and counseled restraint are the opposite of a policy, custom, or practice of retaliation.

### 3. **A Single Prior Arrest Does Not Plausibly Establish a Custom or Deliberate Indifference.**

The only specific factual allegation DeCastro offers beyond his own February 2024 arrest is his March 2023 arrest by a different officer. (ECF No. 2 at ¶¶ 52–54). One prior incident involving a different officer, a different encounter, and a different alleged constitutional theory is not a practice “of sufficient duration, frequency and consistency” to

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

constitute a custom. *Trevino*, 99 F.3d at 918; *see Tuttle*, 471 U.S. at 823–24. Even counting the February 2024 arrest itself, two arrests of the same individual, eleven months apart, by different officers, in different circumstances, do not plausibly show a "widespread" and "well settled" practice. *Praprotnik*, 485 U.S. at 127.

The 2023 arrest likewise cannot supply the deliberate indifference required for a failure-to-train or failure-to-discipline theory. "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference" for purposes of failure to train. *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (internal quotation marks omitted). A single prior incident is not a pattern. DeCastro's remaining allegations add nothing. His assertion that "[u]pon information and belief, LVMPD has repeatedly detained or arrested auditors and journalists engaging in protected recording activity without probable cause" identifies no person, date, location, or incident. ECF No. 2 at ¶ 87. It is a conclusion, not a fact. *See Iqbal*, 556 U.S. at 678. Likewise, his allegation that the Sheriff, "as final policymaker," knew of the 2023 arrest and "failed to take any corrective action" does not allege that the Sheriff made, directed, or ratified any decision concerning the February 2024 arrest. ECF No. 2 at ¶ 86; *see Praprotnik*, 485 U.S. at 123, 127.

### 4. <u>DeCastro Pleads No Facts Showing Any Policy Was the "Moving Force" Behind His Arrest.</u>

Finally, DeCastro pleads no facts connecting any identified LVMPD policy to the officers' conduct on February 14, 2024. He alleges only, in conclusory fashion, that "[t]he February 2024 incident was a direct and foreseeable consequence" of LVMPD's failure to act after 2023. (ECF No. 2 at ¶ 85). Causation "must be specific to the violation alleged," and a plaintiff must show that "the specific injury alleged relates to the specific unconstitutional policy." *See Bryan Cnty.*, 520 U.S. at 404. Absent facts showing that a particular policy, rather than the individual officers' judgment in the moment, was the "moving force" behind his arrest, DeCastro's *Monell* claim is nothing more than respondeat superior by another name. *Dodson*, 454 U.S. at 326; *Pembaur*, 475 U.S. at 478–79. Count

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

V should be dismissed.

**V. <u>CONCLUSION</u>**

LVMPD Defendants respectfully request that the Court grant this Motion and: (1) dismiss DeCastro's state-law claims for assault and battery (Count VI) and false arrest and false imprisonment (Count VII) with prejudice for failure to comply with NRS 41.036(2); and (2) dismiss DeCastro's *Monell* claim (Count V) as to LVMPD for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6).

Dated this 9th day of November, 2026.

MARQUIS AURBACH

By *<u>/s/ Craig R. Anderson</u>*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Defendants LVMPD, Sgt. Hutchinson, Ofc. Bruen, Ofc. Frumkin and Ofc. Rose

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, SGT. HUTCHINSON, OFC. BRUEN, OFC. FRUMKIN AND OFC. ROSE'S MOTION FOR PARTIAL DISMISSAL** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 9th day of November, 2026.

☐ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Jose DeCastro
5350 Wilshire Blvd.
PO Box 36143
Los Angeles, CA 90036
Plaintiff Pro Per

*<u>s/Sherri Mong</u>*
an employee of Marquis Aurbach